IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN J. PETITO, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0006-L |
| | § | |
| ERIC A. BREWSTER, ET AL. | § | |
| | § | |
| Defendants, | § | |

## MEMORANDUM ORDER

Defendants Jeffrey M. Tillotson and Richard A. Smith have filed a motion for sanctions as a result of death threats allegedly made by Plaintiff John J. Petito. At issue are two emails sent by Petito during the course of this litigation. In his first email sent on December 23, 2007, Petito took issue with a court decision transferring this case from New York to Texas.[1] After accusing Tillotson, Smith, and the other defendants of causing his brother to suffer a heart attack, Petito, who refers to himself in the third-person as "pro-se counsel for my client, John J. Petito," stated:

> NEEDLESS TO SAY, MY CLIENT, IS NOW THROWN UNDER EXTREME DURESS AND PRESSURE, DUE TO HIS BROTHER'S HEART ATTACK, TO SUCH A POINT THAT HE IS NOW WILLING TO APPROVE OF WAYS, THAT UNDER NORMAL STATE OF MIND AND CIRCUMSTANCES, HE WOULD NOT AGREE WITH.
>
> OVER THE PAST 21 MONTHS, SOME "KNOWN FAMILIES IN NEW YORK AND NEW JERSEY" WHO HAVE BEEN DEFRAUDED BY THE ABOVE DEFENDANTS, AND WHO HAVE TREMENDOUS RESPECT FOR MY CLIENT, JOHN J PETITO, HAVE ASKED FOR MY CLIENT'S APPROVAL TO

---

[1] Petito originally filed this action in the United States District Court for the Eastern District of New York. On December 19, 2007, the New York court *sua sponte* transferred the case to the Northern District of Texas. *Petito v. Brewster*, No. CV-04-4493 (E.D.N.Y. Dec. 19, 2007).

ALLOW THEM TO PROCEED AGAINST EACH OF THE ABOVE DEFENDANTS INDIVIDUALLY, IN MANNERS THAT EACH FELT APPROPRIATE AND WOULD BRING ABOUT DEFINITE JUSTICE FOR THE THEFTS AND CRIMES COMMITTED AGAINST THEM AND THEIR FAMILIES, BY SUCH DEFENDANTS.  MY CLIENT HAS REFUSED TO "GIVE THE NOD" AND "SIGN THE CONTRACTS" FOR SUCH PERSONS TO GO FORWARD AGAINST THE DEFENDANTS ABOVE, AS THEY SO DESIRED, AS EACH SOUGHT MY CLIENT'S APPROVAL, OUT OF RESPECT (EVEN THOUGH THEY OBVIOUSLY DID NOT REQUIRE IT AT ALL).

NOW, AS MY CLIENT IS UNDER EXTREME DURESS, ANGER, AND ALSO DIRECT FEAR OF LOSING HIS BROTHER IN THE SERIOUS OPERATION OF CHRISTMAS DAY, A "SIT DOWN" HAS BEEN SCHEDULED IN NEW JERSEY AT MIDNIGHT ON THE NIGHT OF 12/31/07 BETWEEN MY CLIENT AND SUCH FAMILIES IN ORDER FOR SUCH FAMILIES TO REASON WITH MY CLIENT TO "GIVE HIS NOD" AND "SIGN THE APPROPRIATE CONTRACTS," THEREBY GIVING SUCH FAMILIES THE APPROVAL THEY YEARNED FOR, TO PROCEED IN EACH OF THEIR OWN DESIRED MANNERS TO DEAL WITH THE DEFENDANTS INDIVIDUALLY, AS SUCH DEFENDANTS COMMITTED THE FRAUDS AND CRIMES AGAINST THEM AND THEIR FAMILIES, BY STEALING THEIR MONIES FROM THEM, WHICH THEREBY HARMS EACH FAMILY GREATLY.

EVEN THOUGH ALL SUCH FAMILIES COULD HAVE PROCEEDED AS THEY DESIRED ANYTIME AGAINST THE ABOVE DEFENDANTS INDIVIDUALLY, WITHOUT MY CLIENT'S APPROVAL, THEY ALL WERE HOPING FOR MY CLIENT TO "GIVE HIS APPROVING NOD" TO THEM, OUT OF THEIR TREMENDOUS RESPECT FOR HIM.

THE REASON FOR MY WRITING THIS TO YOU IS THAT, AS YOU WILL SEE IN WHAT WAS FILED BY MY CLIENT TODAY IN THIS LAWSUIT, THIS IS A SERIOUS "POINT OF DURESS AND ANGER" THAT MY CLIENT IS NOW FEELING, AS HIS BROTHER NOW DIRECTLY MAY LOSE HIS LIFE, BECAUSE OF THE ABOVE DEFENDANTS' CRIMES AND FRAUDS AGAINST HIM.  THERE IS PROBABLY ONE POSSIBILITY THAT WILL MAKE MY CLIENT REFUSE TO "GIVE THE NOD" AT SUCH MEETING IN NEW JERSEY, AND THAT WOULD BE IF THE ABOVE DEFENDANTS IMMEDIATELY MAKE MY CLIENT'S BROTHER AND ALL MY CLIENT'S FAMILIES OF

> CLIENTS WHOLE, WITHOUT ANYMORE OF YOUR CLIENTS'
> BULLSHIT!

(Def. Mot. App. at 24-25) (emphasis in original). A second email sent by Petito to Smith on January 11, 2008, reaffirmed the threat. In that communication, Petito stated:

> OH YES, MY CLIENT, JOHN J PETITO, REMINDED ME TO ALSO TELL YOU (IN HIS WORDS) THAT HIS 12/23/07 EMAIL TO YOU, THE OTHER ENERGYTEC-RELATED 17 DEFENDANTS, AND TO JOHN POPHAM (SEC INVESTIGATOR OF ENERGYTEC INC, LAMBERT, COLE, VULA, ETC) WAS NOT A THREAT . . . IT WAS A FACT!!!!!!

(*Id.* at 27) (emphasis in original). Unable to tell whether Petito's emails are mere bluster or whether he actually poses a genuine risk of harm, Tillotson and Smith filed the instant motion seeking at least $5,000.00 in monetary sanctions and "whatever additional orders or sanctions the Court deems appropriate to deter Petito from continuing to engage in such bad-faith conduct in the future[.]" (Def. Mot. at 6). Petito has filed a written response to the motion, but failed to appear at two show cause hearings to explain why he should not be sanctioned for sending emails threatening Tillotson and Smith.[2] The court therefore decides the motion without the benefit of hearing oral argument from Petito.

"When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 952 (5th Cir. 2001), *quoting Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997). The standard for sanctioning a litigant using the court's inherent powers is extremely high. *Id.* Before a court imposes such sanctions, it must find that the "very temple of justice has been defiled." *Goldin v. Bartholow*, 166

---

[2] Petito was sanctioned $1,000.00 as a result of his failure to appear at the first show cause hearing on February 22, 2008. In a separate recommendation filed today, the magistrate judge determined that Petito's pleadings should be stricken and this case dismissed with prejudice as a result of his failure to appear at the second show cause hearing on March 7, 2008.

F.3d 710, 722 (5th Cir. 1999). Moreover, the imposition of sanctions must be accompanied by a specific finding of bad faith. *Id.*, *citing Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995).

The court has little difficulty in concluding that a litigant who threatens to cause physical harm to another party or attorney has "defiled the very temple of justice" and acted in bad faith. However, Petito denies that his emails were veiled threats to have Tillotson, Smith, and the other defendants harmed by organized crime families in New York and New Jersey. Rather, Petito characterizes his emails as "banter between counsel," relating to circumstances that may give rise to future litigation with an eye toward mediation. (Plf. Resp. at 4). According to Petito:

> (1) "KNOWN FAMILIES IN NEW YORK AND NEW JERSEY" ARE PEOPLE (ENERGYTEC INC PRODUCT INVESTORS) "KNOWN BY ENERGYTEC," WHO RESIDE IN NEW YORK OR NEW JERSEY, SINCE ENERGYTEC STOLE THEIR MONEY IN WORKING INTEREST PROGRAMS, PUT-OPTIONS, REDWATERPET/SULPHUR BLUFF PROJECT, STOCKHOLDERS, ETC.
>
> (2) "GIVING THE NOD" IS A STREET (AND EAST COAST) TERM MEANING, "I AGREE WITH A PARTICULAR REQUEST."
>
> (3) THERE ARE MANY FORMS OF JUSTICE AND DIFFERENT PEOPLE HAVE DIFFERENT VIEWS AS TO WHAT JUSTICE MEANS TO THEM!
>
> (4) A "SIT-DOWN" IS A STREET (AND EAST COAST) TERM MEANING, "TO SIT DOWN TOGETHER DURING A MEAL AND CELEBRATION EVENT WHILE HAVING FUN AND MERRY BANTER."
>
> (5) DISCUSSIONS AT SUCH "SIT-DOWN" WAS TO DEAL WITH JOHN J PETITO ALLOWING ("GIVING THE NOD") CERTAIN "KNOWN FAMILIES IN NEW YORK AND NEW JERSEY" ("ENERGYTEC INC INVESTORS THAT ENERGYTEC INC KNOWS AND WHO RESIDE IN NEW YORK AND NEW JERSEY"), TO BE ABLE TO HIRE THE ATTORNEY WHO IS BRINGING MANY LAWSUITS NOW AGAINST ENERGYTEC INC AND ITS CONSPIRATORS, SINCE SUCH ATTORNEY WILL NOT REPRESENT ANYONE WHO JOHN J PETITO DOES

NOT "GIVE THE NOD TO AS A HARMED-PARTY," AND JOHN J PETITO AND OTHERS WOULD HAVE TO SIGN "CONTRACTS" ("ATTORNEY REPRESENTATION LETTERS") IN ORDER FOR SUCH ATTORNEY TO REPRESENT THEM.

(*Id.* at 8) (emphasis added).  Even if the court was inclined to accept Petito's bizarre explanation, his emails to Tillotson and Smith still constitute bad faith litigation conduct.  In a related lawsuit brought by Energytec against Petito and others, the court warned Petito that "he may not make any further personal attacks on the lawyers or litigants in this case." *Energytec, Inc. v. Proctor, et al.*, No. 3-06-CV-0871-L, or. at 4 (N.D. Tex. May 25, 2007).  That order, issued five months before the December 23, 2007 email, put Petito on notice of his obligation to treat opposing counsel, including Tillotson and Smith, in a professional manner.  At a minimum, Petito has failed to heed the court's warning.  His rhetorical attacks on opposing counsel, through ambiguous references to "known families in New York and New Jersey," "giving the nod," and having a "sit down" to discuss some type of unspecified action, go far beyond "banter between counsel" and warrant the imposition of sanctions.  *See Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 161-63 (D.N.J. 1999) (district court has inherent power to sanction attorney for repeated use of inflammatory language and personal attacks on opposing parties and counsel).

For these reasons, Tillotson's and Smith's motion for sanctions [Doc. #128] is granted.  Plaintiff John J. Petito is hereby sanctioned the sum of $500.00 for sending threatening emails to opposing counsel on December 23, 2007 and January 11, 2008.  This sanction shall be paid to the law firm of Lynn Tillotson & Pinker, L.L.P. within 30 days from the date of this order.

SO ORDERED.

DATED:  March 10, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE