IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN J. PETITO, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. **3:08-CV-0006-L** |
| v. | § | |
| | § | |
| **ERIC A. BREWSTER, et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Energytec, Inc.'s Emergency Motion to Cancel *Lis Pendens*, filed May 28, 2008. After considering the motion, response, reply, supplemental briefs, record, and applicable law, the court **grants** Defendant Energytec, Inc.'s Emergency Motion to Cancel *Lis Pendens*.

### I. Procedural and Factual History

This lawsuit, originally filed in the Eastern District of New York and transferred to this court, was brought by *pro se* Plaintiff John Petito ("Plaintiff" or "Petito") against several individuals and entities, including the moving Defendant Energytec, Inc. ("Defendant" or "Energytec"). The court dismissed Plaintiff's claims with prejudice and entered judgment on March 31, 2008.

Energytec filed this motion on May 28, 2008, alleging that Petito had filed notices of *lis pendens* on properties it owns. Specifically, in Wood County, Texas, Petito filed a "Notice of Lis

**Memorandum Opinion and Order – Page 1**

Pendens – All Quitman Fields, Wood County, Texas," dated November 27, 2007.[1] The notice is document 00079769, filed at volume 2283, page 219. In Hopkins County, Texas, he filed a "Notice of Lis Pendens – Como Field, Hopkins County, Texas," dated November 26, 2007. This notice was filed at Volume 643, page 678. Petito filed two such notices in Titus County, Texas on November 29, 2007. He filed a "Notice of Lis Pendens – All Trix-Liz Fields, Titus County, Texas," dated November 29, 2007. This notice, document 006874, was filed in volume 1991 at page 233. Another notice, the "Notice of Lis Pendens – All Talco Fields, Titus County, Texas," dated November 29, 2007. This notice is document 006875, found in volume 1991, page 236.

The motion was filed on an emergency basis because some of the properties are currently in sale negotiations. The court ordered Petito to file an expedited reply, and on May 30, 2008, he filed a document titled "Petito's & Hundreds of Class-Action Plaintiffs' Opposition to Energytec's Emergency Motion Cancel Lis Pendens!"[2] Energytec filed a reply on June 3, 2008.

## II.    Jurisdiction

After reviewing the briefing and researching the issue, the court determined that it needed supplemental briefing regarding whether it has jurisdiction to grant the requested relief because judgment has been entered and Plaintiff has filed a notice of appeal. The court ordered the parties to brief this issue, and directed them to *Khan v. Hakim*, 201 Fed. Appx. 981 (5th Cir. Oct. 9, 2006). In *Khan*, the plaintiff filed a notice of *lis pendens*, and the defendants moved pursuant to Rule 60(b)

---

[1] In the caption of each notice of *lis pendens*, two case numbers are listed, CV-06-2536 (SJF) (ARL) and CV-04-4493 (SJF) (ARL). This case was transferred to this court from the Eastern District of New York on December 19, 2007. Petito's original complaint was given case number CV-06-2536 in the Eastern District, and it was later consolidated with case CV-04-4493. Accordingly, the case numbers refer to those assigned by the Eastern District of New York because the notices were filed prior to this case being transferred to this court.

[2] Petito refers repeatedly in his filing to "Plaintiffs." While this case was filed as a putative class action, no motion for class certification was ever filed, and the court never certified a class. Accordingly, the only Plaintiff is Petito himself.

**Memorandum Opinion and Order – Page 2**

of the Federal Rules of Civil Procedure to amend the judgment to clear title. The Rule 60(b) motion was made after a notice of appeal had been filed. On appeal, the court *sua sponte* considered whether the district court had jurisdiction to grant a motion made pursuant to Rule 60(b) to amend the judgment to show that Plaintiff "does not own any legal or equitable interest" in the disputed property. *Id*. at 984-85. The court held that the district court could not grant a Rule 60(b) motion after a notice of appeal had been filed without leave of the appellate court. *Id*. at 985.

While *Khan* involved a notice of *lis pendens* and a Rule 60(b) motion, the general rule is that after an appeal is taken, the district court is generally divested of jurisdiction "until the case is remanded to it by the appellate court." *Travelers Ins. Co. v. Lilgeberg Enterp.*, 38 F.3d 1404, 1407-08 n.3 (5th Cir. 1994). Exceptions to this rule exist when the court takes action in aid of the appeal or corrects clerical errors under Rule 60(a). In light of this authority, the court directed the parties to submit additional briefing on whether it has jurisdiction to grant the relief requested by Defendant.

Defendant argues that the court does have jurisdiction, and that it grows out of the court's "continuing jurisdiction to protect its jurisdiction and enforce its own judgment, even during or after an appeal of the case." Def.'s Supp. Brief 1 (citing *Peacock v. Thomas*, 516 U.S. 349, 356-57 (1996); *Hirczy v. Hamilton*, 190 Fed. Appx. 357, 359-60 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 1141 (2007)). Energytec also cites *In re Texas Extrusion Corp.*, 844 F.2d 1142 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988), and *In re Duval County Ranch Co.*, 155 B.R. 723 (Bankr. S.D. Tex. 1993), for the proposition that a court may cancel a notice of *lis pendens* after a notice of appeal has been filed. Defendant also distinguishes *Khan* from the case before the court, arguing that *Khan*

involved a Rule 60(b) motion to amend the judgment, while its request is a post-appeal motion to cancel a *lis pendens*.

Plaintiff subsequently filed his supplemental brief, arguing again that the notices are "proper and valid." Pl.'s Supp. Brief 2. He also contends that the court lacks jurisdiction to grant Defendant's motion and cites nine cases, including *Khan*, Rule 60 of the Federal Rules of Civil Procedure, and what appears to be a citation to a West headnote. Petito asks the court to strike Energytec's motion and to determine that it lacks jurisdiction to consider Defendant's request.

The court has carefully considered the cases cited by both parties. In *Texas Extrusion*, the appellate court affirmed a bankruptcy court's order canceling a notice of *lis pendens* that failed to comply with section 12.007(a) of the Texas Property Code. The court held: "Under such circumstances, it was proper for the bankruptcy court to declare the lis pendens void and call for its immediate cancellation." *Texas Extrusion*, 844 F.2d at 1153. Similarly, in *Duval*, a bankruptcy court held that it had jurisdiction to cancel a notice of *lis pendens* two years after a notice of appeal had been filed. 155 B.R. at 726.

With one exception, the cases cited by Plaintiff concern a district court's ability to rule on a Rule 60(b) motion after a notice of appeal has been filed. The other case cited by Plaintiff pertains to the doctrine of judicial estoppel, and the court does not find that this case has any bearing on the issue before it. None of the cases, except for *Khan*, involves a motion relating to a notice of *lis pendens*. The court does note that Plaintiff's brief appears to quote directly from the cited cases. None of the quotations can be found in the text of the cited cases, and the cases do not sweep as broadly as Plaintiff asserts they do.

No Rule 60(b) motion has been filed in this case, and Energytec does not seek to disturb the court's March 31, 2008 judgment. The court determines that pursuant to *Texas Extrusion*, it has jurisdiction to grant the relief requested by Energytec. Accordingly, the court has jurisdiction to consider this motion and now turns to the substantive arguments made by the parties.

### III.     Motion to Cancel *Lis Pendens*

####     A.     Parties' Contentions

Energytec argues that the four *lis pendens* should be canceled because Petito has no basis for filing such notices. It cites the Texas Property Code, which provides:

> After the plaintiff's statement in an eminent domain proceeding is filed or during the pendency of an action involving title to real property, the establishment of an interest in real property, or the enforcement of an encumbrance against real property, a party to the action who is seeking affirmative relief may file for record with the county clerk of each county where a part of the property is located a notice that the action is pending.

Tex. Prop. Code. § 12.007(a). Defendant argues that it is "black-letter law" that this statute does not allow for the filing of such a notice in a suit that only affects title collaterally. Energytec argues that the court should examine the claims made in Plaintiff's complaint to determine if the case falls within section 12.007(a) of the Texas Property Code and therefore if a notice of *lis pendens* may be filed. In this case, Defendant contends that none of the claims asserted by Petito falls within section 12.007(a) and therefore the court should cancel the *lis pendens* notices pursuant to section 12.008, which allows "the court hearing the action [to] cancel the lis pendens at any time during the proceeding." Tex. Prop. Code § 12.008(a).

Petito responds that Defendant sold various working interests that belonged to Plaintiffs, that certain filings made by Energytec with the Securities and Exchange Commission support this

contention, and that the pending motion is a further attempt to steal Plaintiffs' assets. He asserts that the notices of *lis pendens* were filed "PROPERLY AND IN ACCORDANCE WITH THE LAW" and argues that Energytec has failed to record certain lease assignments. Pl.'s Resp. 3 (emphasis in original). Petito also contends that Plaintiffs are entitled to an immediate injunction, and prays that the court issue an injunction "AGAINST ENERGYTEC INC. SELLING ANY OIL, GAS, OR PROPERTIES AS ENERGYTEC CLEARLY HAS STOLEN AND IS STILL STEALING PLAINTIFFS' ASSETS (EVEN BOLDLY UNDER THIS COURT'S EYES)!" *Id.* at 4 (emphasis in original).

**B. Analysis**

A notice of *lis pendens* may be filed only "during the pendency of an action involving: 1) title to real property, 2) the establishment of an interest in real property, or 3) the enforcement of an encumbrance against real property." *Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995) (citing Tex. Prop. Code § 12.007(a)). In that case, the court considered plaintiff's claim of conversion that sought the imposition of a constructive trust on the allegedly converted property. *Id.* The court held that "the interest is no more than a collateral interest in the property. Therefore the notices of lis pendens are improper." *Id.* (citation omitted). To determine if a case involves one of the three categories appropriate for the filing of a notice of *lis pendens*, the court is to examine the pleaded claims. *See Hughes v. Houston Northwest Med. Cent.*, 647 S.W.2d 5, 6 (Tex. App. – Houston [1st Dist.] 1982, writ dism'd) ("[W]e examine the plaintiffs' petition to determine whether the action is one coming within the provisions of the lis pendens statute.") (citation omitted). If a notice of *lis pendens* does not come within the provisions of section 12.007, the party seeking cancellation is "not required to comply with [the bond provisions of] § 12.008 in order to nullify, remove, or cancel the

notice." *Helmsley-Spear of Texas, Inc. v. Blanton*, 699 S.W.2d 643, 645 (Tex. App. – Houston [14th Dist.] 1985, no writ) (citing *Lane v. Fritz*, 404 S.W.2d 110 (Tex. App. – Corpus Christi 1966, no writ); *see also Texas Extrusion*, 844 F.2d at 1153.

The court has reviewed Petito's complaint, which includes a prayer that seeks relief including: disbarment of the attorney Defendants; criminal prosecution of Defendants; removal of certain board members; damages; costs and fees; punitive damages in the amount of $2.5 billion; compensatory damages of $1 billion; additional costs; and other appropriate relief. Compl. § 5, ¶¶ 1-11. None of this relief is related in any way to the title of any property owned by Energytec, the complaint does not seek the establishment of any interest in property, and there is no encumbrance of property to be enforced. Although Petito argues that his notices were filed in accordance with law, he fails to cite a single statute or case in support of this argument, and he does not explain how his claims fall within section 12.007(a).

Accordingly, the court determines that the notices of *lis pendens*, which state on the face of the notices that they are filed pursuant to this lawsuit, do not fall within the statutory bases that authorize such a notice. Energytec is therefore entitled to the cancellation of these notices. For these reasons, the court **grants** Defendant Energytec, Inc.'s Emergency Motion to Cancel *Lis Pendens* and **cancels** the four notices of *lis pendens* identified in Defendant's motion.

**IV.** **Plaintiff's Request for Injunctive Relief**

Plaintiff, in his response, seeks immediate injunctive relief prohibiting Energytec from selling certain properties. This request is brought in the context of a case in which Plaintiff's claims have been dismissed with prejudice. Even if Plaintiff's request was proper, however, the court

would deny the request for failing to establish any of the four elements required for the granting of injunctive relief.

There are four prerequisites for the extraordinary relief of a temporary restraining order or preliminary injunction. To prevail, a plaintiff must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Petito has already failed on the merits in this case; his complaint has been dismissed with prejudice. Even if he had live claims, he has not produced evidence that would support his broad request to prevent Energytec from selling any of its oil or gas properties. Plaintiff has not addressed the other three elements required to be demonstrated before injunctive relief can be granted. Petito cannot avoid the statutory requirements of a notice of *lis pendens* by alternatively seeking injunctive relief from the court. For these reasons, the court **denies** Plaintiff's request for an injunction and any other relief requested in his response to Energytec's motion.

## IV. Conclusion

For the foregoing reasons, the court determines that the four notices of *lis pendens* attached to Energytec's motion are void. The court **grants** Energytec, Inc.'s Emergency Motion to Cancel *Lis Pendens* and **cancels** the four notices of *lis pendens* attached to this order. The court **directs** the county clerk of Wood County, Texas to **cancel** and **unfile** the "Notice of Lis Pendens – All Quitman Fields, Wood County, Texas," dated November 27, 2007, filed at volume 2283, page 219. The court also **directs** the county clerk of Hopkins County, Texas to **cancel** and **unfile** the "Notice of Lis Pendens – Como Field, Hopkins County, Texas," dated November 26, 2007, filed at volume 643, page 678. The court further **directs** the county clerk of Titus County, Texas to **cancel** and **unfile** the "Notice of Lis Pendens – All Trix-Liz Fields, Titus County, Texas," dated November 29, 2007, filed in volume 1991, page 233, and the "Notice of Lis Pendens – All Talco Fields, Titus County, Texas," dated November 29, 2007, filed in volume 1991, page 236. The court **denies** Plaintiff's request for injunctive relief.

**It is so ordered** this 18th day of June, 2008.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge